UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| TCYK, LLC | ) |
|---|---|
| Plaintiff | ) |
| v. | ) Civil Action No. 13cv3844 |
| | ) |
| Does 1-69 | ) |
| Defendant | ) |

FILED 8-9-13 AUG 09 2013 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT

## PROTECTIVE MOTION TO QUASH SUBPOENA

NOW COMES John Doe, user of I.P. address 173.167.173.254, and for his Motion to Quash the Subpoena issued to Comast Cable Communications, LLC ("Comcast) dated July 1, 2013 states as follows:

1. John Doe, as a user of I.P. address 173.167.173.254, requests that the Court quash the subpoena pursuant to Supreme Court Rule 201(c). This motion is timely filed pursuant to the letter from Comcast informing John Doe to contest the subpoena no later than August 12, 2013. On or about July 24, 2013, John Doe received notice of the subpoena to Comcast. A copy of the letter from Comcast and notice of subpoena is attached hereto as Exhibit "1".

2. The subpoena should be quashed because it violates the Electronic Communications Privacy Act ("Privacy Act") codified at 18 U.S.C. § 2701-2703. The Privacy Act, at Section 2702, prohibits an entity that provides electronic communications services from divulging the contents of a communication while in electronic storage. 18 U.S.C. § 2702(a)(1). The Privacy Act only allows disclosure of customer information or records to a governmental entity pursuant to the specifically enumerated exceptions listed at § 2703, none of which apply here. Here, the subpoena seeks civil discovery prohibited

by the Act. *See In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp.2d 606, 611-12 (E.D. Va. 2008)(finding that the Privacy Act does not permit disclosure in response to civil discovery subpoenas).

3. Petitioner's subpoena to Comcast also violates Supreme Court Rule 224. Supreme Court Rule 224 does not provide for issuance of subpoena to third-parties. Instead, Supreme Court Rule 224(a)(1)(ii) requires that the party seeking discovery file a verified petition naming the respondents from whom discovery is sought. Here, the Petition names only Does 1-69. Because the discovery is sought from Comcast, the subpoena does not comply with Supreme Court Rule 224.

4. Supreme Court Rule 224(a)(1)(i) permits discovery "for the sole purpose of ascertaining the identity of one who may be responsible in damages ..." Here, the subpoena issued to Comcast is overly broad as it seeks information beyond the identity of John Doe. Specifically, the subpoena requests "electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material". Supreme Court Rule 224 allows discovery solely for ascertaining the identity of a person who may be responsible for damages. Any other information other than the identity of John Doe is beyond the scope of discovery under Supreme Court Rule 224.

WHEREFORE, John Doe respectfully requests that this Court quash the subpoena issued to Comcast.

Respectfully submitted,

By: /s/John Doe I.P. Address 173.167.173.254

*Pro se*
Submitted Anonymously

CERTIFICATE OF SERVICE

      The undersigned hereby certified that a copy of the foregoing instrument was served upon the following interested parties via regular U.S. Mail with postage prepaid and by fax as directed on this day August 9, 2013:


Michael A. Hierl, Hughes Socol Plers Resnick & Dym Ltd.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, IL 60602


Comcast Legal Response Center (Fax 866-947-5587)


By: /s/John Doe I.P. address 173.167.173.254

# EXHIBIT 1



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

July 12, 2013

*Personal and Confidential*

*Via UPS & USPS Delivery*



Re: *TCYK, LLC v. Does 1-69*
United States District Court for the Northern District of Illinois
Docket No.: 1:13-cv-03844
Order Entered: June 13, 2013
Comcast File #: 487981

TCYK, LLC has filed a federal lawsuit in the United States District Court for the Northern District of Illinois. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing TCYK, LLC's copyrights on the Internet by uploading or downloading content without permission. This was allegedly done using a device assigned the IP address 173.167.173.254 on 04/25/2013 10:10:17 PM GMT. The court has ordered Comcast to supply your name, address and other information to TCYK, LLC in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 1:13-cv-03844 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice.**

Comcast will provide your name, address, and other information as directed in the Order and Subpoena unless you or your attorney file a protective motion to quash or vacate the Subpoena in the court where the subpoena was issued **no later than August 12, 2013**. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to (866) 947-5587 **no later than August 12, 2013**. Please note that Comcast cannot accept or file any legal action on your behalf. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff.

If you have legal questions about this matter, please contact an attorney.

Sincerely yours,

Comcast Legal Response Center

Attachments: Copy of Subpoena and accompanying Court Order regarding civil action

| IP Address | HitDate (UTC) |
|---|---|
| 71.194.92.236 | 2013-04-30 11:48:39 PM |
| 67.184.129.18 | 2013-04-30 11:01:03 PM |
| 24.12.22.245 | 2013-04-30 09:38:47 PM |
| 50.141.173.156 | 2013-04-30 09:29:41 PM |
| 173.161.100.189 | 2013-04-30 08:26:39 PM |
| 98.228.0.144 | 2013-04-30 12:00:25 PM |
| 98.228.183.223 | 2013-04-30 06:42:41 AM |
| 67.175.128.212 | 2013-04-30 05:34:14 AM |
| 70.88.77.138 | 2013-04-30 05:18:34 AM |
| 24.13.187.191 | 2013-04-30 05:15:24 AM |
| 76.16.226.155 | 2013-04-30 04:35:59 AM |
| 67.173.109.237 | 2013-04-30 03:44:07 AM |
| 98.223.170.55 | 2013-04-30 02:55:44 AM |
| 98.228.76.246 | 2013-04-30 12:46:42 AM |
| 50.158.79.100 | 2013-04-30 12:45:35 AM |
| 67.175.51.83 | 2013-04-30 12:34:45 AM |
| 76.16.38.159 | 2013-04-29 09:48:30 PM |
| 71.57.77.249 | 2013-04-29 09:40:00 PM |
| 98.227.80.248 | 2013-04-29 08:12:28 PM |
| 67.173.19.105 | 2013-04-29 07:01:00 PM |
| 24.13.134.78 | 2013-04-29 05:21:36 PM |
| 71.239.137.28 | 2013-04-29 04:10:33 PM |
| 71.57.58.127 | 2013-04-29 03:06:33 PM |
| 50.151.115.68 | 2013-04-29 12:35:36 PM |
| 24.1.210.147 | 2013-04-29 05:50:24 AM |
| 76.16.85.180 | 2013-04-29 05:19:43 AM |
| 71.194.28.162 | 2013-04-29 05:07:20 AM |
| 76.16.211.134 | 2013-04-29 04:39:27 AM |
| 24.1.72.189 | 2013-04-29 12:39:27 AM |
| 67.167.3.220 | 2013-04-28 07:26:48 PM |
| 24.1.255.165 | 2013-04-28 07:14:11 PM |
| 68.57.194.198 | 2013-04-28 07:00:28 PM |
| 76.16.57.242 | 2013-04-28 05:21:51 PM |
| 71.201.66.53 | 2013-04-28 05:13:30 PM |
| 67.184.178.36 | 2013-04-28 04:35:32 PM |
| 24.13.52.152 | 2013-04-28 02:00:15 AM |
| 67.176.199.87 | 2013-04-27 11:10:31 PM |
| 98.206.216.240 | 2013-04-27 10:23:08 PM |
| 98.220.224.13 | 2013-04-27 09:10:40 PM |
| 50.158.91.180 | 2013-04-27 07:53:04 PM |
| 24.7.211.190 | 2013-04-27 07:46:52 PM |
| 98.212.121.196 | 2013-04-27 07:45:26 PM |
| 71.194.191.147 | 2013-04-27 05:53:12 PM |
| 76.16.37.213 | 2013-04-27 11:16:30 AM |
| 68.46.222.240 | 2013-04-27 07:25:13 AM |
| 98.213.40.126 | 2013-04-27 06:14:35 AM |




| IP Address | Timestamp |
|---|---|
| 209.23.211.3 | 2013-04-27 05:48:46 AM |
| 71.57.8.93 | 2013-04-27 05:31:47 AM |
| 50.129.71.195 | 2013-04-27 04:04:04 AM |
| 50.129.197.119 | 2013-04-27 03:00:07 AM |
| 68.51.74.48 | 2013-04-27 02:21:43 AM |
| 71.194.187.114 | 2013-04-27 01:43:05 AM |
| 98.213.119.255 | 2013-04-27 01:18:07 AM |
| 98.226.92.33 | 2013-04-27 01:11:43 AM |
| 98.222.253.79 | 2013-04-26 11:08:33 PM |
| 67.175.55.33 | 2013-04-26 10:57:25 PM |
| 71.239.162.8 | 2013-04-26 10:25:28 PM |
| 69.246.241.46 | 2013-04-26 08:04:41 PM |
| 50.141.156.10 | 2013-04-26 06:36:54 PM |
| 76.16.32.203 | 2013-04-26 06:27:26 PM |
| 67.175.88.118 | 2013-04-26 05:37:09 PM |
| 76.16.56.166 | 2013-04-25 10:28:19 PM |
| 173.167.173.254 | 2013-04-25 10:10:17 PM |
| 98.193.79.95 | 2013-04-25 08:10:33 PM |
| 67.167.247.176 | 2013-04-25 07:49:38 PM |
| 67.176.156.4 | 2013-04-25 07:26:16 PM |
| 98.213.178.36 | 2013-04-25 07:11:21 PM |

AO 88B (Rev. 05/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| TCYK, LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 13-cv-3844 |
| Does 1-69 | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Subpoena Compliance/Custodian of Records: Comcast Cable Holdings, LLC, c/o The Corporation Company, 600 S. Second Street, Suite 103, Springfield, IL 62704

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions of the attached Order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will provide data to you in the most efficient and cost-effective format if you inform us of your preferred format.

| Place: Hughes Socol Piers Resnick & Dym, Ltd. 70 West Madison Street, Suite 4000 Chicago, IL 60602 | Date and Time: 08/01/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: July 1, 2013

CLERK OF COURT

OR _____[signature]_____

*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
TCYK, LLC _____ , who issues or requests this subpoena, are:

Michael A. Hierl, Hughes Socol Piers Resnick & Dym, Ltd., 70 West Madison Street, Suite 4000, Chicago, IL 60602; mhierl@hsplegal.com; (312) 604-0067

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 13-cv-3844

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 5.1.1
Eastern Division

TCYK, LLC

        Plaintiff,

v.

Does 1-69

        Defendant.

Case No.: 1:13-cv-03844
Honorable Amy J. St. Eve

NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, June 13, 2013:

    MINUTE entry before Honorable Amy J. St. Eve: Plaintiff's motion for leave to take discovery prior to Rule 26(f) conference [7] is granted. Plaintiff is given leave to issue subpoenas under Rule 45 to the Internet Service Providers who provided internet services to any of the Doe Defendants identified by an Internet Protocol address to obtain information sufficient to identify each Doe Defendant by name, current and permanent addresses, telephone number, email address and Medial Access control number. Joint status report deadline is stricken. Status hearing set for 7/9/13 is stricken and reset to 7/25/13 at 8:30 a.m. No appearance is required on the 6/20/13 notice date. Mailed notice(kef, )

ATTENTION: This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.